UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY BURROWS,

    Plaintiff,

v.    Case No: 8:17-cv-1927-T-27TBM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's (Second) Motion to Remand Matter (Dkt. 14), which Defendant opposes (Dkt. 16). Upon consideration, the Motion (Dkt. 14) is GRANTED.

### I. Background

Tiffany Burrows filed this Florida Civil Rights Act employment discrimination action in Polk County Circuit Court. (Dkt. 2). State Farm first removed the case on January 26, 2017 based on diversity jurisdiction.[1] The case was remanded to Polk County Circuit Court on August 3, 2017. On August 14, State Farm removed the case again based on diversity jurisdiction, contending that new facts supported removal. (Dkt. 1). Plaintiff moves to remand, contending that State Farm essentially seeks reconsideration of the order remanding the prior case, and alternatively, that State Farm fails to prove that the amount in controversy exceeds $75,000.[2] (Dkt. 14).

### II. Standard

In diversity cases, federal courts have original jurisdiction over cases in which the parties are

---

[1] The prior federal case is styled *Tiffany Burrows v. State Farm Mutual Automobile Insurance Company*, Case No. 8:17-cv-00212-T-27AEP.

[2] Plaintiff does not challenge diversity of citizenship.

1

completely diverse and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). And where, as here, the case is not removable by the initial pleading, the removal is governed by § 1446(b)(3) (formerly a second paragraph removal), which provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

> [And], [i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

25 U.S.C. § 1446(c)(3)(A).

The defendant must receive, not generate or compile, the "other paper" containing "an unambiguous statement that clearly establishes federal jurisdiction."[3] *Pretka v. Kolter City Plaza II,*

---

[3] The Eleventh Circuit distinguishes between a § 1446(b)(1) removal (formerly first paragraph) and § 1446(b)(3) (formerly second paragraph) removal. *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1204 n. 2 (11th Cir. 2011). It held in *Pretka* that the "receipt from the plaintiff" rule stated in *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007) does not apply to a §1446(b)(1) removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 762-64 (11th Cir. 2010) ("Because *Lowery* was not a first paragraph removal case, anything the opinion says about the law applicable to cases removed under the first paragraph of § 1446(b) is dicta, and we are 'free to give that question fresh consideration.'" (citation omitted)). Recognizing the distinction between the two types of removals, the majority of district courts have found, in following *Pretka*, that the standard set forth in *Lowery* for a § 1446(b)(3) removal that "in assessing the propriety of removal, the court considers the documents **received by the defendant** from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal **unambiguously establish** federal jurisdiction" still applies. 483 F.3d at 1213 (emphasis added); *see Stevens v. Dean Transportation, Inc.*, No. 8:17-CV-2048-T-30TBM, 2017 WL 4325398, at *2 (M.D. Fla. Sept. 29, 2017); *Ford v. Jolly Shipping, Inc.*, No. CV 17-00309-KD-N, 2017 WL 4451148, at *6 (S.D. Ala. Sept. 19, 2017), report and recommendation adopted, No. CV 17-00309-KD-N, 2017 WL 4448580 (S.D. Ala. Oct. 4, 2017); *Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co.*, No. CIV.A. 14-0045-CG-N, 2014 WL 1764483, at *4 (S.D. Ala. May 5, 2014) ("[t]his Court agrees with the weight of authority in this circuit following *Roe* and *Pretka*, that the analysis set forth in *Lowery* still applies to [§ 1446(b)(3)] cases." (alteration in original, citation and quotation marks omitted)); *White v. PDB State Farm Mut. Auto. Ins. Co.*, No. 3:13-CV-765-J-99TJC, 2013 WL 6061890, at *2 (M.D. Fla. Nov. 18, 2013); *A.W. ex rel. Willis v. Wal-Mart Stores E., LP*, No. 6:12-CV-1166-ORL-36, 2012 WL 5416530, at *4 (M.D. Fla. Oct. 5, 2012), report

*Inc.*, 608 F.3d 744, 762 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007) (as applied to second paragraph or § 1446(b)(3) removals); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 212 (5th Cir. 2002) (holding that "the information supporting removal must be 'unequivocally clear and certain' to start the time limit" for a notice of removal). And, "a party is not entitled, under existing laws, to file a second petition for removal upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit . . . ." *St. Paul & C. Railway Co. v. McLean*, 108 U.S. 212, 217 (1883); *see Watson v. Carnival Corp.*, 436 F. App'x 954, 955 (11th Cir. 2011). "The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see Watson*, 436 F. App'x at 956.

### III. Discussion

As a threshold matter, Plaintiff contends that State Farm's removal is based on the same grounds as its first removal. Although the theory State Farm relies on, diversity jurisdiction, is the same, the events it relies on are new. Notwithstanding, those events do not support removal.

State Farm relies on three measures of damages to reach the jurisdictional threshold: lost wages, compensatory damages, and attorney's fees. And, it relies on Plaintiff's deposition testimony, the docket in the prior federal case, and an affidavit from State Farm's counsel as "new evidence" supporting jurisdiction.

#### A. Lost Wages

---

and recommendation adopted, No. 6:12-CV-1166-ORL-36, 2012 WL 5416519 (M.D. Fla. Nov. 6, 2012); *Brown v. Tanner Med. Ctr.*, No. 3:10-CV-316-TFM, 2010 WL 3328500, at *2 (M.D. Ala. Aug. 23, 2010).

3

In the prior remand, State Farm argued that lost wages included pre-removal back pay, post-removal back pay through the date of trial, and one year of front pay. State Farm further argued that Plaintiff's pre-removal earnings should not be considered. State Farm's arguments were rejected. Back pay was calculated through the date of removal, and Plaintiff's pre-removal earnings were subtracted from the damages calculation.

Now, State Farm argues that if back pay is calculated to the date of the second removal, "the jurisdictional threshold is close to being met by the back pay claim alone." (Dkt. 16 at 5). And, State Farm contends that Plaintiff's testimony and previous job applications demonstrate that post-removal back pay should be included through January 22, 2018. (Burrows Dep. 171:18-19, July 13, 2017, Dkt. 7-1; Dkt. 7-3 at 52-69). State Farm's contentions are unpersuasive.

First, State Farm relies on the passage of time, rather than additional evidence or documents received from the Plaintiff in its attempt to reach the jurisdictional threshold. Second, her testimony and previous job applications are not unambiguous statements clearly establishing federal jurisdiction. *Lowery*, 483 F.3d at 1215. Plaintiff testified that she wants to work and verified that after her termination from State Farm, she applied for jobs. (Burrows Dep. 171:18-19, Dkt. 7-1). This testimony, however, does not unambiguously establish that post-removal back pay should be included in the damages calculation, but rather requires speculation as to whether Plaintiff would be entitled to post-removal back pay.[4] Even if Plaintiff's testimony and previous job applications were unambiguous statements to support removal, State Farm, at most, has established $59,691.54

---

[4] State Farm's claim that this evidence provides new grounds to support a second removal is thinly supported. Indeed, a close reading of Plaintiff's deposition reveals that she did not return to work after leaving her second post-State Farm employer due to a high-risk pregnancy, a car accident, and/or other familial responsibilities. (Burrows Dep. 152-156, 164:24-165:11, Dkt. 7-1). And, her job applications are from seven months to two years prior. (Dkt. 7-3 at 52-69).

in back pay damages ($75,189.13 (pre-removal back pay), less $15,497.59 (pre-removal earnings)).[5]

## B. Compensatory Damages

State Farm contends that Plaintiff's testimony that she went to a walk-in clinic while employed with State Farm supports an award of $15,500 in compensatory damages for wrongful termination. However, State Farm fails to provide records of her treatment, which was one visit at the walk-in clinic which resulted in a prescription for an unknown medication without refills. (Burrows Dep. 178:3-179:14, Dkt. 7-1). Without more, this testimony does not unambiguously establish that this case reaches the jurisdictional threshold. *Lowery*, 483 F.3d at 1213.

## C. Attorney's Fees

In support of including an estimate of reasonable attorney's fees in the jurisdictional amount, State Farm submits a declaration from its counsel and the docket from the prior federal case. And, it again submits an affidavit from an unrelated case.

"The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one." *Pretka,* 608 F.3d at 761. A defendant, therefore, "cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant."[6] *Id.*; *see S.W.S. Erectors, Inc.*, 72 F.3d at 494 (holding that an affidavit executed by the

---

[5] The calculation of lost wages was extensively discussed in the prior remand order and need not be repeated. Importantly, as noted, the change in the amount of back pay from the prior remand order results from the passage of time, not additional evidence.

[6] The Eleventh Circuit in *Roe* "[s]pecifically, . . . [did] not decide whether or under what circumstances the second paragraph permits a defendant to present additional evidence to establish removability." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 n. 4 (11th Cir. 2010). Rather, it only noted that it "has explained, '[W]e do not believe that Congress, when it enacted § 1446, altered the traditional understanding that defendants could offer their own affidavits or other evidence to establish federal removal jurisdiction.'" *Id.* (*citing see Pretka*, 608 F.3d at 759).
There are two types of removals under § 1446(b)(3): Type 1 is one that has "always been removable but the removability was not initially ascertainable," and Type 2, the case here, is one that has shifted "from nonremovable to removable in nature." *Roe*, 613 F.3d at 1061 n. 4. In sum, State Farm is attempting to convert a previously nonremovable

5

defendant's attorney did not commence the renewed removal period, under the second paragraph of § 1446(b), because the affidavit did not arise from a voluntary act by the plaintiff). Further an affidavit of Plaintiff's counsel in an unrelated case does not constitute evidence or a voluntary act by Plaintiff. And, a declaration from State Farm's counsel is not a document received from Plaintiff or a voluntary act by Plaintiff, but rather a document created by State Farm contrary to the traditional rule. *Pretka*, 608 F.3d at 761. Even if the declaration is considered, one must speculate as to the attorney's fees incurred by Plaintiff. Simply stated, it is not an unambiguous statement clearly establishing the amount of attorney's fees. *See Pretka*, 608 F.3d at 761; *Lowery*, 483 F.3d at 1213.

## IV. Conclusion

State Farm fails to unambiguously establish federal jurisdiction under § 1446(b)(3). Accordingly, Plaintiff's (Second) Motion to Remand (Dkt. 14) is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida. The Clerk is directed to mail a copy of this Order to the Clerk of the Circuit Court, Tenth Judicial Circuit and **CLOSE** the file. Plaintiff's request for attorneys' fees and costs is **DENIED**.

**DONE AND ORDERED** this 23rd day of March, 2018.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record, Clerk of the Circuit Court, Tenth Judicial Circuit in and for Polk County, Florida

---

case into a removable one. But, as discussed, "an initially non-removable case 'cannot be *converted* into a removable one *by evidence of the defendant* or by order of the court.'" *Pretka*, 608 F.3d at 761 (emphasis in original) (quoting *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 254 (5th Cir.1961)).